**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gregory Frank SPEROW and Tommy
Fine, Defendants-Appellants.**

**Nos. 76–1167, 76–1168.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 28, 1977.

Decided March 23, 1977.

Certiorari Denied May 23, 1977.
See 97 S.Ct. 2634.

Don J. Svet, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Terrence A. Roden, of Ronald J. Le Mieux & Associates, Los Angeles, Cal., for defendant-appellant Gregory Frank Sperow.

Vince D. Angelo (Robert T. Knott, of Knott & Associates, Albuquerque, N. M., on the brief), for defendant-appellant Tommy Fine.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Defendants-appellants seek reversal of convictions for possession and importation of marijuana. This is an arrest and search which took place very near to the Republic of Mexico-New Mexico border, on August 20, 1975, at about 2:00 a. m. The validity of the border patrol's stopping and searching the vehicle is challenged.

The agents testified to having received, by radio sensor, data identifying the appellants' truck as it was traveling in a westerly direction parallel to the border. The road on which the appellants were traveling at the time that Sensor No. 212 picked them up (Highway 9) was an east-west road, and the place where they were located was one and one-half miles from the Mexican border. The Sensors to the east of Sensor 212, however, had not been tripped. On the east-west highway on which they were first identified, they were traveling in a westerly direction. Suddenly they turned north on another road and were stopped while traveling in this direction at a point some 18 miles from the border.

When questioned, one of the defendants said that they had come from El Paso. This aroused suspicion because it was inconsistent with the data which the agents had. During the questioning, and upon one of the agents smelling marijuana in the vehicle, a search was conducted and a large quantity of marijuana was uncovered in the back of the truck.

It is the contention of defendants-appellants that the agents lacked the requisite knowledge to arouse a reasonable suspicion necessary to justify the stopping of the vehicle for a preliminary investigation. Defendants also contend that the search itself was thereby invalid.

The Supreme Court in a recent decision, *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), has given recognition to the proposition urged by the government, namely, that it is permissible to stop automobiles at locations in close proximity to, but removed from the border itself or valid checkpoints, for the purpose of questioning occupants about their citizenship and immigration status. In so recognizing the right to make such preliminary investigations, *Brignoni-Ponce* differs from *United States v. Almei-*

*da-Sanchez,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), wherein the right to stop and search by a roving patrol, acting with neither a warrant nor probable cause at points removed from the border, was condemned. About the only factor which justified the preliminary stopping and questioning in *Brignoni-Ponce* was that the occupants appeared to be of Mexican ancestry. The Supreme Court held that this was an insufficient predicate for this kind of investigative activity. The real significance of *Brignoni-Ponce,* however, was its recognition of the legality of officers briefly stopping automobiles based on the ground that they suspected that they were illegal aliens. The Court noted that it was a limited intrusion which in proper circumstances could give way to the public interest served by the preliminary investigation.

The analogy which is used by the Court is *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), in which limited search of a person for weapons was approved based upon reasonable suspicion that the individual searched had a concealed weapon. The Court also relied on *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 530 (1972), which held that a policeman acted legally in approaching a suspect for the purpose of investigating whether he was carrying narcotics and a gun, a tip having been furnished to the officer.

The Supreme Court in *Brignoni-Ponce* emphasized that articulable factors must be present in order to justify an investigative stopping of a vehicle by a roving patrol. The factors to be taken into account in deciding whether there is reasonable suspicion justifying the stopping of a car in the border area are stated in the following passage:

> Any number of factors may be taken into account in deciding whether there is reasonable suspicion to stop a car in the border area. Officers may consider the characteristics of the area in which they encounter a vehicle. Its proximity to the border, the usual patterns of traffic on the particular road, and previous experience with alien traffic are all relevant.

. . . They also may consider information about recent illegal border crossings in the area. The driver's behavior may be relevant, as erratic driving or obvious attempts to evade officers can support a reasonable suspicion. . . . Aspects of the vehicle itself may justify suspicion. For instance, officers say that certain station wagons, with large compartments for fold-down seats or spare tires, are frequently used for transporting concealed aliens. . . . The vehicle may appear to be heavily loaded, it may have an extraordinary number of passengers, or the officers may observe persons trying to hide. . . . The Government also points out that trained officers can recognize the characteristic appearance of persons who live in Mexico, relying on such factors as the mode of dress and haircut.

422 U.S. at 884–85, 95 S.Ct. at 2582. The Court added that "the officer is entitled to assess the facts in light of his experience detecting illegal entry and smuggling." *Id.*

The single factor considered by the officers in *Brignoni-Ponce* was the Mexican ancestry of the occupants. This the Court said was insufficient to furnish reasonable grounds that the three occupants were aliens. This factor alone was insufficient to produce a reasonable belief that the car concealed other aliens or that the three occupants were aliens. "[S]tanding alone it does not justify stopping all Mexican-Americans to ask if they are aliens." 422 U.S. at 887, 95 S.Ct. at 2583.

▪ In the case at bar there is present the factor that the vehicle employed was a truck with a camper on the back and it was heavily loaded, but more important than either of these factors is the fact that the vehicle came to be identified very near the border, a mile and one-half from it. Moreover, this was not a random checking of vehicles. The officers, after having received the radio message concerning the vehicle, were stopped along the road waiting for this particular vehicle to pass. The time of night was significant. The testimo-

ny showed that the ranchers in the area were not prone to drive the roads in question at 2:00 a. m. so that it was inferable that the vehicle had passed the border. In our view the factors that are mentioned in the *Brignoni-Ponce* case are satisfied and it was proper for the officers to stop the vehicle based on their reasonable suspicion that they were illegally smuggling or transporting persons from Mexico. Once the vehicle was stopped and the marijuana was sniffed and identified, there existed probable cause for the search. Probable cause exists if the facts and circumstances known to an officer justify a prudent person's believing that an offense has been committed. *See Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959) and *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

Our court has recognized that marijuana has a distinct smell and that this alone can satisfy the probable cause requirement in a search such as the present one. *United States v. Bowman,* 487 F.2d 1229, 1230 (10th Cir. 1973).

Being of the opinion that the stopping was valid and that there existed probable cause for the search, the judgment of the district court is affirmed.