953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Federico CASTILLO-MIRELES, Defendant-Appellant.
 No. 91-2118.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellant appeals the district court's denial of his motion to suppress evidence found when agents of the United States Border Patrol opened the trunk of his car. Defendant entered a conditional guilty plea to possession with intent to distribute less than fifty kilograms of marijuana. See 21 U.S.C. § 841(a)(1), (b)(1)(D). Border patrol agents were advised by a motorist that defendant's vehicle was speeding and weaving in and out of traffic. Defendant left the car in a field with the driver's door open and the engine running after leaving the highway at a high rate of speed (100 m.p.h.). The left rear tire was shredded and the left front tire was flat.
 
 
 2
 On review of a denial of a motion to suppress evidence, we consider the evidence in the light most favorable to the government, and we accept the factual findings of the trial court unless clearly erroneous. United States v. McAlpine, 919 F.2d 1461, 1463 (10th Cir.1990). The ultimate determination of whether a particular search was reasonable under the Fourth Amendment, however, is a conclusion of law which we review de novo. United States v. Butler, 904 F.2d 1482, 1484 (10th Cir.1990).
 
 
 3
 Based on the totality of the circumstances found by the district court, the agents had probable cause to search the trunk of the car for illegal aliens. See Carroll v. United States, 267 U.S. 132, 158-59 (1925); United States v. Muniz-Melchior, 894 F.2d 1430, 1438 (5th Cir.), cert. denied, 110 S.Ct. 1957 (1990). A motorist alerted border patrol agents concerning irregular driving (indicative of flight) in an area where alien smuggling is common. The vehicle then left the road, incurred damage, and was left running unattended. Alien smuggling is common in the New Mexico location involved and the district court credited testimony illegal aliens often are hidden in trunk compartments. III R. 65. Cf. United States v. Brignoni-Ponce, 422 U.S. 873, 884-85 (1975) (discussing factors relevant to a reasonable suspicion stop near the border). The agents also indicated that they were motivated by safety concerns inherent in the possibility of an unattended vehicle with illegal aliens trapped in the trunk. III R. 37, 50-51. According to the district court, the agents "would have been derelict if they hadn't looked in the trunk to see if there was somebody in there." Id. at 65. Thus, in the alternative, exigent circumstances (other than the vehicle's inherent mobility) implicating safety supported opening the trunk. See New York v. Quarles, 467 U.S. 649, 653 n. 3 (1984); United States v. Antwine, 873 F.2d 1144, 1146-47 (8th Cir.1989); United States v. Smith, 797 F.2d 836, 840 (10th Cir.1986). Having opened the trunk, the agents were not required to ignore the smell of marijuana coming from four cellophane bags placed therein. See United States v. Sperow, 551 F.2d 808, 811 (10th Cir.), cert. denied, 431 U.S. 930 (1977).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3