STATE of Utah, Plaintiff and Appellee,

v.

**Larry Jon NAISBITT, Defendant and Appellant.**

**No. 910151–CA.**

Court of Appeals of Utah.

March 2, 1992.

Milton T. Harmon, Nephi, for defendant and appellant.

R. Paul Van Dam and J. Kevin Murphy, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, Associate P.J., and JACKSON and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

Defendant Larry Jon Naisbitt appeals his conviction for unlawful possession of a controlled substance, a third-degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) and (b)(ii) (Supp.1991). Defendant filed a pretrial motion to suppress evidence seized during a search of the vehicle he was driving. The trial court denied the motion and defendant pleaded guilty while reserving his right to appeal the district court's denial of his motion to suppress. We affirm.

## FACTS

The legal issues surrounding claimed violations of the Fourth Amendment's search and seizure provisions are fact sensitive, and, accordingly, we recite the facts in detail. *State v. Carter,* 812 P.2d 460, 461 (Utah App.1991). On October 15, 1990, while traveling north on Interstate 15 near Nephi, Utah, Highway Patrol Trooper Lance Bushnell observed a southbound Plymouth Laser bearing no license plates. Trooper Bushnell turned his cruiser around and overtook the Laser. Trooper Bushnell stated he overtook the Laser to determine what, if any, registration information was on the car. Trooper Bushnell testified he could see a piece of paper attached to the lower right-hand corner of the Laser's rear window, but, due to the slant of the window, was unable to determine if the paper was a temporary license tag.

After following the Laser for less than one mile, the trooper followed the Laser as it exited the interstate at the Yuba interchange. On reaching the end of the off ramp, the Laser turned onto an infrequently used dirt road. Regarding this as "possibly evasive behavior," the trooper activated his lights and stopped the Laser. At the suppression hearing, defendant claimed he had been traveling for some time and decided to exit the interstate to get out and stretch and to let a pet cat out of the car.

Trooper Bushnell was met by defendant, the driver of the car, between the Laser and his car before the trooper could determine if the paper in the Laser's back window was a valid temporary vehicle registration. The permit in the vehicle's rear window turned out to be a valid Washington state temporary vehicle license.

The trooper asked defendant for his driver's license and the vehicle's registration information. Defendant was unable to produce a driver's license, but indicated he had an Arizona license under the name Larry Jon Walker. A computer check indicated no Arizona license issued under that name. Defendant then reentered the Laser and asked the passenger, Sheri Tollefson, if she had any vehicle registration documents. She produced a purchase agreement, and the trooper verified the vehicle identification number listed on the agreement matched the number on the vehicle. The trooper then moved to the passenger side of the car and spoke with Tollefson through the open car door. He asked Tollefson to identify the names listed on the purchase agreement, and she indicated the car belonged to her and her mother. Tollefson was unable to produce a driver's license.

While speaking with Tollefson through the open door, Trooper Bushnell smelled an odor he believed to be burnt marijuana. Trooper Bushnell testified he recognized the odor from his police training. Defendant's and Tollefson's nervous and erratic behavior also raised Trooper Bushnell's suspicions.

Based on the odor of burnt marijuana and defendant's and Tollefson's behavior, Trooper Bushnell asked defendant for permission to search the Laser. Defendant responded "fine" or "all right," but that the trooper would have to ask Tollefson for permission, as it was her car. Trooper Bushnell asked Tollefson for her permission to search the vehicle, and she objected. Nevertheless, Trooper Bushnell proceeded with the search, found illicit drugs and paraphernalia, including a bag containing marijuana under the passenger seat, and arrested defendant and Tollefson.

We address two issues on appeal: (1) did Trooper Bushnell have reasonable suspi-

cion to stop defendant's vehicle? and (2) was Trooper Bushnell's search of defendant's vehicle constitutional under the plain view exception to the Fourth Amendment's warrant requirement? [1]

In reviewing a denial of a motion to suppress, this court will not disturb the trial court's findings of fact unless they are clearly erroneous. *State v. Steward*, 806 P.2d 213, 215 (Utah App.1991); Utah R.Civ.P. 52(a) (1990). In reviewing a trial court's conclusions of law, however, we apply a correction of error standard. *Steward*, 806 P.2d at 215.

## LEGALITY OF STOP

■ Defendant first argues Trooper Bushnell "had no probable cause or other legal reason to stop [his] motor vehicle." A law enforcement officer may stop a motor vehicle if the officer has a reasonable suspicion the vehicle is being operated in violation of motor vehicle registration laws. *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979); *State v. Cole*, 674 P.2d 119, 123 (Utah 1983). The officer need not meet the stricter requirement of probable cause to stop the vehicle. *State v. Mendoza*, 748 P.2d 181, 183 (Utah 1987).

■ The trial court found the vehicle's lack of license plates and the trooper's inability to identify the paper in the vehicle's back window as a valid temporary registration permit justified the stop of the vehicle. The court concluded this constituted reasonable suspicion the car was not properly registered. We agree.[2] Trooper Bushnell's inability to determine whether the vehicle was properly licensed justified the stop. *Cole*, 674 P.2d at 123 (lack of visible registration justifies stop of vehicle).[3]

## LEGALITY OF SEARCH OF NAISBITT'S VEHICLE

■ Defendant next claims Trooper Bushnell's search of the vehicle violated the Fourth Amendment. At the hearing on the motion to suppress, the State justified the search of defendant's vehicle on alternative grounds: that defendant consented to the search and that Trooper Bushnell had probable cause to conduct the search. The trial court found defendant had voluntarily consented to the search and, therefore, denied the motion to suppress evidence found during that search. Although we are troubled by the determination that defendant voluntarily consented to the search,[4] we affirm the trial court's denial

1. Defendant also challenges the trial court's finding that he consented to the search of the vehicle. Because of our resolution of the plain view issue, we need not reach the consent issue.

2. Defendant makes no argument the scope of detention after the traffic stop was unreasonable; thus, we do not consider that issue.

3. Defendant's reliance on *State v. Arroyo*, 796 P.2d 684 (Utah 1990), is unpersuasive. Without discussion, defendant claims the instant facts "are not legally indistinguishable from those found in th[is] . . . well known Utah auto search and seizure case[ ]." Defendant neither before the trial court nor on appeal claims Trooper Bushnell would not have stopped the vehicle absent his desire to search for drugs.

   Moreover, this case is distinguishable from *State v. Baird*, 763 P.2d 1214 (Utah App.1988). In *Baird*, this court considered a trooper's stop of a vehicle because the sticker on the rear license plate "didn't appear to be valid." *Id.* at 1215. Although the vehicle had both front and rear Arizona license plates, the trooper testified "something just struck me funny about it." *Id.* This court held the stop was not based on rea-

sonable or articulable suspicion. *Id.* at 1217. In the present case, however, the Laser had no identifiable registration, including license plates, and Trooper Bushnell stopped the vehicle to determine if the paper in the back window was a valid temporary registration permit. Thus, unlike the stop in *Baird*, where the trooper stopped the vehicle because "something just struck [him] funny about it," Trooper Bushnell's stop of the Laser had a properly articulable basis beyond idle curiosity.

4. Both Trooper Bushnell and defendant testified defendant told the trooper a search of the vehicle was "fine" or "all right" with him, but the trooper would have to check with Tollefson as it was her vehicle. Thus, it is not clear defendant consented to the search, when, in fact, Tollefson subsequently refused to consent to the trooper's search of the vehicle. These facts allow for the equally valid conclusion that defendant consented to the search only if Tollefson likewise gave her consent. Such conditional consent would not necessarily meet the Fourth Amendment's requirement of consent in fact. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854 (1973).

of defendant's motion to suppress on grounds the search was justified by Trooper Bushnell smelling marijuana.

Defendant challenges Trooper Bushnell's search under the Fourth Amendment. A search and seizure conducted without a warrant, like the search of defendant's vehicle, "is unreasonable per se unless it falls within a recognized exception to the warrant requirement of the fourth amendment." *State v. Bartley,* 784 P.2d 1231, 1235 (Utah App.1989); *see also Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Exceptions to the warrant requirement are "few," "specifically established," and "well-delineated." *Katz,* 389 U.S. at 357, 88 S.Ct. at 514. For example, the plain view exception allows objects in plain view to be seized without a warrant. *See Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968) (per curiam); *see also Bartley,* 784 P.2d at 1235 (Objects in plain view "may be seized without a warrant if the police officer is lawfully present and the evidence is clearly incriminating.").

Under federal law, the odor of marijuana gives an officer justification to search a vehicle, even absent a warrant or some other exception to the warrant requirement, such as consent. The United States Court of Appeals for the Tenth Circuit recently noted this general rule: "This court has long recognized that marijuana has a distinct smell and that the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." *United States v. Morin,* 949 F.2d 297, 300 (10th Cir.1991) (citing *United States v. Merryman,* 630 F.2d 780, 785 (10th Cir.1980)).[5] The constitutional basis for this rule is that "[a] strong, emanating odor of marijuana comes within the 'plain view' doctrine and need not be ignored by officers." *United States v. Manbeck,* 744 F.2d 360, 380 n. 34 (4th Cir.1984) (citing *United States v. Haynie,* 637 F.2d 227, 233 (4th Cir.1980)), *cert. denied sub nom., Fletcher v. United States,* 451 U.S. 972, 101 S.Ct. 2051, 68 L.Ed.2d 351 (1981).[6]

The United States Supreme Court has noted the odor of marijuana can justify a warrantless search of the vehicle. In *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), California Highway Patrol officers stopped a station wagon that was being driven in an erratic fashion. As the car door was opened, the officers smelled marijuana smoke. The officers proceeded to conduct a warrantless search of the vehicle. In the passenger compartment, the officers found marijuana and equipment for using it. The officers then opened the tailgate of the station wagon and located a recessed luggage compartment. In the compartment, two opaque packages were found and opened, each containing fifteen pounds of marijuana. The

---

5. *See also United States v. Loucks,* 806 F.2d 208, 209–10 (10th Cir.1986) (officer smelling "strong odor of marijuana" on driver gave officer probable cause to search vehicle without warrant); *United States v. Sperow,* 551 F.2d 808, 811 (10th Cir.), *cert. denied,* 431 U.S. 930, 97 S.Ct. 2634, 53 L.Ed.2d 245 (1977); *United States v. Bowman,* 487 F.2d 1229, 1231 (10th Cir.1973); *accord United States v. Marshall,* 878 F.2d 161, 163 (5th Cir.1989) ("[O]nce the officer detected the odor of marijuana, probable cause existed to search the vehicle."); *United States v. Reed,* 882 F.2d 147, 149 (5th Cir.1989) (The officer "detected the distinct odor of burnt marihuana, and this in itself would have justified the subsequent search of [the] vehicle."); *United States v. Haley,* 669 F.2d 201, 204 (4th Cir.) (patrolman had probable cause after he stopped speeding automobile, smelled intense odor of marijuana emanating from driver's body while he sat in police cruiser, and also smelled strong marijuana odor when passenger rolled down window of stopped vehicle), *cert. denied,* 457 U.S. 1117, 102 S.Ct. 2928, 73 L.Ed.2d 1329 (1982); *State v. Koch,* 455 So.2d 492, 494 (Fla.Dist.Ct.App.1984) ("Once the stop was made, the officer's detection of the odor of marijuana was probable cause for the search.").

6. The United States Court of Appeals for the Seventh Circuit has held that a search following an officer's detection of the odor of marijuana is justified under the vehicle exception to the warrant requirement. *United States v. Powell,* 929 F.2d 1190, 1196 (7th Cir.1991) ("The smell of marijuana, the false floor and ceiling, and [defendant's] nervousness together gave [the officer] probable cause to inspect the truck, which falls within the vehicle exception to the warrant requirement.") (citing *California v. Carney,* 471 U.S. 386, 390–93, 105 S.Ct. 2066, 2068–70, 85 L.Ed.2d 406 (1985); *Chambers v. Maroney,* 399 U.S. 42, 50–51, 90 S.Ct. 1975, 1980–81, 26 L.Ed.2d 419 (1970)).

Supreme Court held the officers should have obtained a search warrant before they opened the two packages, even though the seizure of the packages occurred during the lawful warrantless search of the vehicle itself. *Id.* at 428, 101 S.Ct. at 2846. Although the Court found the search of the packages violated the Fourth Amendment, the Court stated the warrantless search of the automobile was lawful, even though the officers based their search only on the odor of marijuana as they approached the vehicle. *Id.* at 423, 101 S.Ct. at 2844.

Utah courts have also applied the "plain smell" doctrine under the Fourth Amendment. In *Bartley*, this court noted: "Objects in 'plain view' constitute one ... exception [to the warrant requirement], and may be seized without a warrant if the police officer is lawfully present and the evidence is clearly incriminating. This exception encompasses evidence within 'plain smell'...." *Id.* at 1235 (citations omitted) (based on this rule, the court held an odor of drip gas apparent to police officers justified a search of the vehicle).

Given this well-established rule of federal [7] constitutional law, it was not error for the trial court to deny defendant's motion to suppress. Trooper Bushnell testified he recognized the odor based on his police training. Trooper Bushnell did not search the vehicle until he smelled the marijuana, and he smelled the marijuana while trying to determine the ownership of the vehicle and identity of its occupants. Given this evidence, the trial court did not err in denying defendant's motion to suppress the evidence found as a result of that search.[8]

The trial court's denial of defendant's motion to suppress is affirmed.

JACKSON and RUSSON, JJ., concur.

---

7. Defendant does not challenge the search under Article I, Section 14 of the Utah Constitution. We, therefore, are precluded from analyzing the search under the Utah Constitution. *See State v. Belgard,* 811 P.2d 211, 215–16 (Utah App.1991).

We note, however, that the standard required by the Utah Constitution may not parallel the federal standard. Recently, in considering the automobile exception to the warrant requirement, the Utah Supreme Court disagreed with federal decisions holding no showing of exigent circumstances is necessary to search a vehicle without a warrant. *See, e.g., Carney,* 471 U.S. 386, 105 S.Ct. 2066. Reasoning the federal decisions "cannot be squared with the oft-stated principle that warrants-when-practicable is the best policy," in *State v. Larocco* the Utah Supreme Court held Article I, Section 14 of the Utah Constitution requires "both probable cause and exigent circumstances [be] present at the time of the search." 794 P.2d 460, 470 (Utah 1990); *accord State v. Sims,* 808 P.2d 141 (Utah

App.1991). The considerations requiring a showing of exigent circumstances under the automobile exception seem to apply with equal force to the search of a vehicle based on an officer detecting the odor of marijuana.

We are troubled that when existing law demonstrates a difference between federal and state law, parties fail even to mention, much less brief, state constitutional issues. Until and unless parties brief search and seizure questions under the state constitution, Utah's citizens will remain at the mercy of the "labyrinth of rules built upon a series of contradictory and confusing rationalizations and distinctions" marking federal search and seizure law. *State v. Hygh,* 711 P.2d 264, 271–72 (Utah 1985) (Zimmerman, J., concurring).

8. We make no statement as to whether our decision would be the same if Trooper Bushnell's search had not, in fact, found marijuana in the vehicle. *Cf. Arroyo,* 796 P.2d at 688 (search and seizure based on pretext violated constitution).