**STATE of Utah, Plaintiff and Appellee,**

v.

**Kirk DUDLEY, Defendant
and Appellant.**

**STATE of Utah, Plaintiff and Appellee,**

v.

**Salvatore CALCATERRA, Defendant
and Appellant.**

**Nos. 920255–CA, 920256–CA.**

Court of Appeals of Utah.

Feb. 5, 1993.

Randall T. Gaither (argued), Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen. and Joanne C. Slotnik, Asst. Atty. Gen. (argued), Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Appellants Kirk Dudley and Salvatore Calcaterra appeal their respective convictions of attempted possession of a controlled substance, a class A misdemeanor, in violation of Utah Code Ann. § 58–37–8(2)(a)(i), (2)(b)(ii), and (7) (Supp.1992), and possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) and (2)(b)(ii) (Supp.1992). We affirm.

## FACTS

On December 9, 1990, while traveling on Interstate 15 near St. George, Utah, Highway Patrol Trooper James Lloyd observed a vehicle traveling at an excessive speed. The trooper stopped the vehicle, approached, and asked Calcaterra, the driver, for his driver's license and vehicle registration. Dudley was a passenger in the vehicle. While speaking with Calcaterra through the open window, Trooper Lloyd smelled the odor of burnt marijuana. The trooper returned to his vehicle and filled out the speeding citation. Because the trooper had detected the smell of marijuana, he requested information concerning Calcaterra from the El Paso Information Center (EPIC).

The trooper then returned to the vehicle driven by Calcaterra and issued the citation. The trooper asked Calcaterra whether he had drugs, weapons, or alcohol in the vehicle. Calcaterra replied that he did not. The trooper asked if he could search the vehicle. Calcaterra replied that he was not carrying anything. The trooper asked if he could search the trunk of the vehicle,

whereupon Calcaterra exited the car and opened the trunk, allowing the trooper to search. While searching the trunk, the trooper received the response from EPIC, indicating that Calcaterra had a history of drug offenses. The trooper continued to search the trunk, finding nothing incriminating. He then asked Calcaterra about the information he received from EPIC concerning drug-related convictions. Calcaterra explained that as he understood it, he had been arrested but the charges had been dismissed.

The trooper requested permission to search the interior of the vehicle. Calcaterra stated that he was not carrying any of the items the trooper was searching for and the trooper again inquired whether he could search the interior of the vehicle. Calcaterra shrugged his shoulders, which the trooper interpreted to be consent. The trooper proceeded to search the vehicle. Neither Calcaterra nor Dudley objected to the search at that time. The trooper found a small quantity of marijuana and a marijuana pipe hidden in a plastic receptacle on the console of the vehicle. When Calcaterra determined the drug had been found, he approached the trooper and asked for "a break." The trooper handcuffed Calcaterra and arrested him. When a second officer arrived, the second officer handcuffed and arrested Dudley. The trooper completed the search of the vehicle and discovered other items of contraband.

Appellants filed a pretrial motion to suppress evidence seized during a search of the vehicle. The trial court denied the motion and the appellants pleaded guilty to the charges, reserving their right to appeal the denial pursuant to *State v. Sery*, 758 P.2d 935 (Utah App.1988).

## ISSUES

Appellants challenge denial of their motion to suppress asserting: (1) their detention beyond issuance of the traffic citation was illegal, and (2) the vehicle search was illegal and could not be validated by their

alleged consent.[1]

## ANALYSIS

### Challenge Under Utah Constitution

■ The appellants assert that their state and federal constitutional rights were violated by the warrantless search of the vehicle. Although the appellants assert their state constitutional rights have been violated, they failed to develop any meaningful argument under the Utah Constitution.[2] Rule 24(a)(9) of the Utah Rules of Appellate Procedure provides: "The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, with citations to the authorities, statutes, and parts of the record relied on." Mere allusion to state constitutional claims, unsupported by meaningful analysis, does not permit appellate review. *See State v. Yates,* 834 P.2d 599, 602 (Utah App.1992); *Christensen v. Munns,* 812 P.2d 69, 72–73 (Utah App.1991); *Koulis v. Standard Oil Co.,* 746 P.2d 1182, 1184–85 (Utah App.1987). "Moreover, the proper forum in which to commence thoughtful and probing analysis of state constitutional interpretation is before the trial court, not ... for the first time on appeal." *State v. Bobo,* 803 P.2d 1268, 1273 (Utah App.1990). Because appellants failed to develop any meaningful state constitutional argument below, our analysis must proceed solely under federal constitutional law.

### Challenge Under Federal Constitution

■ Appellants argue that the trooper did not have either reasonable suspicion or probable cause as a basis for detaining them after the traffic stop or searching the vehicle. Because we determine that the trooper had probable cause at the initiation of the traffic stop, we need not address the reasonable suspicion argument.

■ A warrantless search of a vehicle is reasonable if probable cause for the search exists. *State v. Dorsey,* 731 P.2d 1085, 1087–88 (Utah 1986). Under federal law, the odor of marijuana "has a distinct smell" and can alone "satisfy the probable cause requirement to search a vehicle or baggage." *United States v. Morin,* 949 F.2d 297, 300 (10th Cir.1991) (citing *United States v. Merryman,* 630 F.2d 780, 785 (10th Cir. 1080) (once agent smelled marijuana, he was justified in the search of the vehicle); *United States v. Sperow,* 551 F.2d 808, 811 (10th Cir.), *cert. denied,* 431 U.S. 930, 97 S.Ct. 2634, 53 L.Ed.2d 245 (1977) (once a vehicle is stopped and marijuana sniffed and identified, probable cause exists for search); *United States v. Bowman,* 487 F.2d 1229, 1230 (10th Cir.1973) (the smell of marijuana satisfies the probable cause requirement for a warrantless search)); *see also State v. Naisbitt,* 827 P.2d 969, 972 (Utah App.1992) (the odor of marijuana gives an officer justification to search a vehicle).

The trooper in the present case had probable cause to search the vehicle when he smelled the odor of burnt marijuana at the time of the stop. Accordingly, the search did not violate the appellants' federal constitutional rights.

---

1. Although the trial court found Calcaterra consented to the search of the vehicle, we need not reach the consent issue because we affirm the convictions on the ground that the odor of marijuana provided not only reasonable suspicion to prolong detention, but also probable cause to search the vehicle.

2. The Utah Supreme Court has determined that Utah constitutional law requires "both probable cause and exigent circumstance [be] present at the time of a search" in order to properly search a vehicle without a warrant. *State v. Larocco,* 794 P.2d 460, 470 (Utah 1990). "The considerations requiring a showing of exigent circumstances under the automobile exception [to the warrant requirement] seem to apply with equal force to the search of a vehicle based on an officer detecting the odor of marijuana." *State v. Naisbitt,* 827 P.2d 969, 973 n. 7 (Utah App. 1992). However, we do not reach the issue of whether exigent circumstances existed because the appellants have failed to properly raise the issue under the Utah Constitution.

## CONCLUSION

Because the trooper detected the distinct smell of marijuana, he had probable cause to search the vehicle. Accordingly, the trial court's denial of the motion to suppress is affirmed.

BENCH and GARFF, JJ., concur.