**STATE of Utah, Plaintiff and Appellee,**

v.

**Jeffery Earl SOUTH and Dianna South, Defendants and Appellants.**

No. 930362–CA.

Court of Appeals of Utah.

Nov. 1, 1994.

Rehearing Denied Dec. 5, 1994.

Kathryn D. Kendell (Argued), American Civil Liberties Union of Utah Foundation, Inc., Salt Lake City, Nathan Hult, Logan, for appellant.

Gary O. McKean, Cache County Atty., Jeffrey "R" Burbank, Deputy Cache County Atty., Patrick B. Nolan (Argued), Deputy County Atty., Logan, for appellee.

Before BENCH, DAVIS and GREENWOOD, JJ.

OPINION

GREENWOOD, Judge:

Defendants Jeffery Earl South and Dianna South appeal their convictions of possession of a controlled substance and possession of drug paraphernalia within 1000 feet of a church, class A misdemeanors, in violation of Utah Code Ann. §§ 58–37–8 and 58–37a–5 (1994). Defendants argue that the search of their home violated their state and federal constitutional rights. Further, defendants argue that the proximity of an offense to a church is not a mere sentencing enhancement, but rather is an element of the crime and that their home is not within 1000 feet of a church structure. We reverse and remand on defendants' first argument regarding an illegal search and seizure.[1]

---

1. Because we reverse and remand on defendants' first argument, we need not address their arguments regarding the proximity of the offense to a church.

## BACKGROUND

On March 15, 1992, Detective Dennis Simonson of the Logan City Police Department went to defendants' residence to investigate a reported theft of a cellular phone. Defendant Jeffery South met Detective Simonson at the door but refused to let him enter the premises. Detective Simonson detected a heavy odor of burnt marijuana coming from inside defendants' home and also on defendant Jeffery South's clothing.

Detective Simonson then obtained a search warrant and returned to defendants' home with three other police officers. Upon arrival, three of the officers, including Simonson, smelled burnt marijuana emanating from inside the house. The officers then served the search warrant upon defendants and proceeded to search the home. As a result of the search, the officers found controlled substances and drug paraphernalia, including one gram of marijuana, electrical clips, a book, and a scale. All the drug paraphernalia later tested positive for marijuana.

Defendants were charged with possession of a controlled substance and possession of drug paraphernalia within 1000 feet of a church. Prior to trial, defendants moved to suppress the evidence found in their home because the evidence was seized in an illegal search and seizure. Defendants argued that the search warrant was defective because it authorized only a search of the "persons of Jeffery Earl and Dianna South" and not a search of the premises. After a hearing, the trial court denied defendants' motion to suppress, ruling that although the search warrant was defective, the officers nevertheless had probable cause to conduct the search of the premises under the plain smell doctrine.[2]

Defendants were subsequently convicted by a jury of possession of a controlled substance and possession of drug paraphernalia. At sentencing, the trial court found that the offenses were committed within 1000 feet of a church.

## ISSUES ON APPEAL

On appeal, defendants argue that the search of their home was illegal because officers had neither a valid search warrant nor probable cause and exigent circumstances sufficient to conduct the search without a warrant. The State argues that the trial court erred in ruling that the search warrant did not permit a search of defendants' residence. Thus, we examine three issues: (1) Should we address the valid scope of the search warrant, and if so, did it authorize a search of defendants' residence? (2) Does the plain smell of marijuana provide officers with probable cause to conduct a search of a private residence? (3) If so, may the residence be searched without first obtaining a valid warrant, absent exigent circumstances?

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress, we accord no deference to the trial court's legal conclusions and review them for correctness. *State v. Beavers,* 859 P.2d 9, 12 (Utah App.1993). However, we will disturb the trial court's underlying factual findings "only if those findings are clearly erroneous." *Id.*

## ANALYSIS

### Search Warrant

Defendants argue that because the trial court ruled the search warrant defective, only a showing of probable cause and exigent circumstances would justify a warrantless search of their home. The State responds that the search warrant contained only minor technical deficiencies and therefore was valid.

██ The trial court ruled that the search warrant was invalid because it described a search of only the "persons of Jeffery Earl and Dianna South" and not a search of the premises. The State argues that the trial court erred in its ruling because the warrant contained only minor technical deficiencies. However, the State did not raise this issue on cross appeal, but chose instead to wait and argue the point in · its

**2.** *See State v. Naisbitt,* 827 P.2d 969 (Utah App. 1992) (plain smell of marijuana gave officers probable cause to conduct a warrantless search of a vehicle.)

appellate brief filed after the opening brief of defendants. The State concedes that it failed to cross appeal the issue, but asserts that we may consider it because of the rule that an appellate court may affirm the trial court's ruling on any legitimate basis. *See State v. Elder,* 815 P.2d 1341, 1344 n. 4 (Utah App. 1991) (stating that "we may affirm trial court decisions on any proper ground even though the trial court assigned another reason for its decision"). *See also Buehner Block Co. v. UWC Assoc.,* 752 P.2d 892, 895 (Utah 1988) (stating that appellate courts may affirm trial court decisions "on any proper ground[s], despite the trial court's having assigned another reason for its ruling"). Thus, the State contends that it was not required to cross appeal the issue and that by holding the warrant valid on appeal, we can affirm the trial court's ultimate ruling that the search of defendants' home was legal.

We find the State's argument to be too sweeping. First, we believe that the principle of allowing affirmance of a trial court's decision on alternate grounds should generally be limited to examining issues related to the ruling being appealed. For example, in this case, if the trial court had erroneously found the warrant to be valid, we could then examine an alternate basis to affirm its admission of the seized evidence. *See Buehner,* 752 P.2d at 895. However, defendants in this case are challenging the legality of the warrantless search—a question quite different than the validity of the warrant. In addition, it is significant that the trial court explicitly ruled on the issue of the warrant's scope, thus providing scant excuse for the State's failure to cross appeal that ruling. When an issue is squarely presented to and ruled on by the trial court, a party should raise the issue either on direct or cross appeal and not wait until the briefing stage of the appeal to raise the issue. *See American Coal Co. v. Sandstrom,* 689 P.2d 1, 4 (Utah 1984) (stating that where party failed to raise issue on cross appeal, court would not consider issue raised for first time in party's brief); [3] *accord Henretty v. Manti City Corp.,* 791 P.2d 506,

511 (Utah 1990). In addition, consistent with notions of fairness, parties are generally entitled to notice of the issues being appealed before briefing. *See Cerritos Trucking Co. v. Utah Venture No. 1,* 645 P.2d 608, 613 (Utah 1982).

Because the State did not take issue with the trial court's ruling on the validity of the search warrant by filing a cross appeal, we decline to consider the issue.

Probable Cause Under Plain Smell Doctrine

In *State v. Naisbitt,* 827 P.2d 969 (Utah App.1992) this court held that the odor of marijuana emanating from an automobile gave an officer probable cause to conduct a warrantless search of that automobile. *Id.* at 973. In *Naisbitt* we stated that "[t]he constitutional basis for this rule is that '[a] strong, emanating odor of marijuana comes within the "plain view" doctrine and need not be ignored by officers.'" *Id.* at 972 (quoting *United States v. Manbeck,* 744 F.2d 360, 380 n. 34 (4th Cir.1984)). Further, we noted that "[o]bjects in 'plain view' constitute one ... exception [to the warrant requirement], and may be seized without a warrant if the police officer is lawfully present and the evidence is clearly incriminating. This exception encompasses evidence within 'plain smell.'" *Id.* at 973 (quoting *State v. Bartley,* 784 P.2d 1231, 1235 (Utah App.1989)). Thus, we must determine if, based upon the plain smell doctrine, the odor of marijuana also establishes probable cause if it comes from a private residence.

Probable cause is defined as a "fair probability that contraband or evidence of a crime will be found." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Thus, in determining the existence of probable cause we focus on the suspicious nature of the circumstances involved. In examining this issue under the plain smell doctrine, we see no significant difference whether an odor of marijuana emanates from an automobile or from a private residence. In both situations an officer

---

**3.** The supreme court cited Rule 74(b) of the Utah Rules of Civil Procedure as support for its conclusion. Although Rule 74 was repealed with the adoption of the Utah Rules of Appellate Procedure, we still find the supreme court's reasoning in *Sandstrom* valid. A party must file a direct or cross appeal so that the other side has enough time to respond properly in its brief.

who is lawfully present could reasonably conclude that contraband or evidence of a crime may be discovered. Thus, we hold that the plain smell of marijuana emanating from a private residence provides law enforcement officials with probable cause to conduct a search of the premises. *See People v. Cohen,* 146 Ill.App.3d 618, 100 Ill.Dec. 166, 169, 496 N.E.2d 1231, 1234 (1986) (trained officer detecting odor of burnt marijuana establishes probable cause of substance's presence).

### Warrant Requirement Under Plain Smell Doctrine

We must next determine if the plain smell doctrine alone justifies a warrantless search of a private residence.

■ We must first clarify that the plain view doctrine and its corollary "plain smell" theory, do not in and of themselves provide an exception to the requirement of obtaining a valid search warrant. The *Naisbitt* decision relied on *State v. Bartley,* 784 P.2d 1231 (Utah App.1989), which in turn, cites 1 Wayne R. LaFave, *Search and Seizure* § 2.2(a) (2d ed. 1987). LaFave's exposition differentiates between circumstances where seized items are inadvertently discovered during a prior valid intrusion, and those where the plain view or smell observation is noted without a prior intrusion into constitutionally protected space. *Id.* In the latter circumstances, the observation is lawful but seizure of the items observed or smelled poses a different question. LaFave notes the caution—" 'you can't touch everything you can see [or smell].' " *Id.* (quoting Moylan, *The Plain View Doctrine: Unexpected Child of the Great "Search Incident" Geography Battle,* 26 Mercer L.Rev. 1047, 1096 n. 3 (1975)). Therefore, "in the absence of a search warrant, some recognized ground for warrantless seizure equally applicable outside plain view cases, must be present." W. LaFave, *Search and Seizure* at § 2.2(a).

■ Consequently, in this case, whereas the smell of burnt marijuana provided the officers with probable cause to obtain a search warrant authorizing a search of the

constitutionally protected home, it did not, alone, validate a warrantless search. Because the State argues that exigent circumstances justify the warrantless search in this case, we consider whether this exception to the warrant requirement applies.

In *State v. Larocco,* 794 P.2d 460 (Utah 1990), the Utah Supreme Court noted that under the Fourth Amendment, warrantless automobile searches are constitutionally permissible only where probable cause and exigent circumstances exist. *Id.* at 470. The court described exigent circumstances as "namely, to protect the safety of police or the public or to prevent the destruction of evidence." *Id.; see also State v. Christensen,* 676 P.2d 408, 411 (Utah 1984) (stating that exigent circumstances exist where officers reasonably believe that evidence may be lost if not "immediately seized"). Thus, "the need for an immediate search must be apparent to the police, and so strong as to outweigh the important protection of individual rights provided by the warrant requirement." *State v. Beavers,* 859 P.2d 9, 18 (Utah App. 1993).

In *State v. Naisbitt,* 827 P.2d 969 (Utah App.1992), this court held that the plain smell doctrine allowed officers to conduct a warrantless search of an automobile. *Id.* at 973; *accord State v. Dudley,* 847 P.2d 424, 426 (Utah App.1993); *Bartley,* 784 P.2d at 1231. Although *Naisbitt* did not discuss exigent circumstances, prior case law clearly establishes that under the automobile exception to the warrant requirement, exigent circumstances exist where " 'the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' " *Larocco,* 794 P.2d at 470 (quoting *State v. Limb,* 581 P.2d 142 (Utah 1978)).

However, there is a significant difference between an exigent circumstances analysis involving an automobile and one involving a private residence. In their own homes, citizens enjoy a "heightened expectation of privacy." *Beavers,* 859 P.2d at 13. This is because "[p]hysical entry of the home is the chief evil against which the wording of the

Fourth Amendment is directed." *Id.* (quoting *United States v. United States District Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752 (1972)). Further, the State's burden in demonstrating both probable cause and exigent circumstances is "particularly heavy" when entry into a private residence is involved. *City of Orem v. Henrie*, 868 P.2d 1384, 1388 (Utah App.1994).

In the instant case, the State asks us to hold that the plain smell doctrine automatically provides officers with exigent circumstances to justify a warrantless search of a home. The State argues that exigent circumstances can be demonstrated under the plain smell doctrine because marijuana is easily disposed of. The same argument has been made and rejected in a number of other jurisdictions. In *State v. Dorson*, 62 Haw. 377, 615 P.2d 740, 743–44 (1980), police officers conducted a warrantless seizure of a private residence. The police attempted to justify the seizure arguing there were exigent circumstances because the officers smelled marijuana coming from inside the house and because drugs are easily hidden or disposed of. *Id.* 615 P.2d at 746. The Hawaii Supreme Court rejected this argument stating that to establish exigent circumstances, the State must show that "the delay attendant upon the application for, and issuance of, the warrant would likely have resulted in the removal or destruction of evidence." *Id.* The court went on to state that "the mere fact that drugs were involved was not an exigent circumstance." *Id.; accord People v. Cohen*, 146 Ill.App.3d 618, 100 Ill.Dec. 166, 169–71, 496 N.E.2d 1231, 1234–36 (1986) (exigent circumstances not present by mere fact that officers smelled odor of marijuana emanating from residence); *State v. Jones*, 358 So.2d 1257, 1259 (La.1978) (same).

We agree with the analysis in these cases and find the State's argument unpersuasive. Unlike an automobile, a home cannot simply be driven away with its contents which may

" 'never be found again if a warrant must be obtained.' " *Larocco*, 794 P.2d at 490 (quoting *Limb*, 581 P.2d at 144). Rather, the home will still be there when officers return with a search warrant. Further, officers can secure a home while a search warrant is obtained. As stated by the court in *Strange v. State*, 530 So.2d 1336, 1340 (Miss.1988), "No exigent circumstances existed, as, again, three of the officers could have secured the premises while a fourth complied with the Constitution and obtained a warrant." Therefore, the fact that the marijuana may be "removed, hidden, or destroyed is not, in and of itself, an exigent circumstance." *Dorson*, 615 P.2d at 746.

If we were to hold that the mere possibility that evidence may be destroyed constitutes an exigent circumstance, we would essentially undermine the exigent circumstance requirement since it is possible that most forms of evidence can be destroyed before officers return with a warrant. The State's concern that marijuana may be hidden or disposed of before officers obtain a warrant is outweighed by the concern that a warrantless search would violate the heightened expectation of privacy in a private home. Thus, we hold that although the plain smell doctrine provides officers probable cause to believe contraband or evidence of a crime may be found,[4] it does not automatically provide officers with exigent circumstances justifying a warrantless search of a private residence.[5] Therefore, the trial court erred in denying defendants' motion to suppress because the evidence was seized during an unlawful search of their home.

## CONCLUSION

The State's argument regarding the validity of the search warrant is not properly before this court. Further, although the officers had, under the plain smell doctrine, probable cause to search the defendants'

---

4. Therefore giving officers a basis on which to obtain a search warrant; which is exactly what they did in this case.

5. *See, e.g., United States v. Timberlake*, 896 F.2d 592 (D.C.Cir.1990); *State v. Dorson*, 62 Haw. 377, 615 P.2d 740 (1980); *People v. Cohen*, 146 Ill.App.3d 618, 100 Ill.Dec. 166, 496 N.E.2d 1231 (1986); *State v. Jones*, 358 So.2d 1257 (La.1978).

home, they did not demonstrate exigent circumstances to conduct the search without a valid warrant. We therefore reverse and remand for proceedings consistent with this opinion.

DAVIS, J., concurs.

BENCH, J., dissents.