**Frederick C. LYONS, Appellant,**

v.

**Tommy ROBINSON, Sheriff, Pulaski County, Arkansas; Frank Gibson and Seven Unknown Law Enforcement Officers, Appellees.**

No. 85–1926.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 29, 1985.

Decided Nov. 20, 1985.

Rehearing Denied January 8, 1986.

Frederick G. Lyons, pro se.

Robert L. Roddey, N. Little Rock, Ark., for appellees.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Frederick C. Lyons sued Tommy Robinson, then Sheriff of Pulaski County, Arkansas and eight other Pulaski County law enforcement officers for monetary damages under 42 U.S.C. § 1983 for violation of his fourth amendment right against unreasonable search and seizure. From the district court's[1] dismissal on the merits and a denial of a motion to reconsider, Lyons appeals. We affirm.

On July 2, 1982, Sgt. Frank Gibson and other officers of the Pulaski County Sheriff's Department searched Lyons' residence pursuant to a warrant, searching for illegal drugs. The Honorable John Langston, Circuit Judge for the Sixth Judicial District of Arkansas, issued the warrant based on an affidavit made by Sgt. Gibson. Sgt. Gib-

---

**1.** The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.

son obtained his information through a confidential informant, who wore a body microphone and entered into Lyons' residence. Sgt. Gibson monitored a conversation through a receiver and determined that an illegal drug sale had taken place between the informant and Phillip Martin, Lyons' son. Sgt. Gibson's affidavit and the warrant incorrectly listed the place to be searched as "325 Atkinson Street."[2] Lyons' residence is actually 325 Short Street, and is located on a corner lot where Short and Adkinson intersect. At one point, the warrant also described the place to be searched as "premises being a single residence with silver siding with red trim located on the south side of Arkinson (sic) street."

During the search, Lyons was in the house and police officers found a gun under a cushion upon which Lyons was seated. The police officers determined that Lyons was a convicted felon, arrested him and charged him as a felon in possession of a firearm. He was not convicted of the charge.

Appellant challenges the search warrant as having been improperly issued as well as the search of premises not described in the warrant and the seizure of a gun, not described in the warrant.

As indicated, the district court ruled adversely to appellant, reasoning that the search warrant was properly issued and executed.

▇ It is clear that the information supplied to and by Sgt. Gibson was more than adequate to support issuance of the search warrant and it is not here significant that the warrant incorrectly listed Lyons' address. A warrant must specify with particularity the place to be searched and the persons or things to be seized. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976); *United States v. LeBron*, 729 F.2d 533, 536 (8th

Cir.1984). This court has elaborated upon this requirement by stating:

> The test for determining the sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched.

*United States v. Gitcho*, 601 F.2d 369, 371 (8th Cir.) (citations omitted), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). Thus, where a search warrant contained information that particularly identified the place to be searched, the court has found the description to be sufficient even though it listed the wrong address. *United States v. McCain*, 677 F.2d 657, 660–61 (8th Cir.1982). In this case, the warrant listed the residence to be searched as "325 Atkinson Street" whereas the residence was actually located at 325 Short Street. But it is clear that in the circumstances the error in the warrant was not misleading or confusing. Atkinson and Short Streets intersect in front of Lyons' house. Sgt. Gibson obviously mistakenly read the street sign. In addition, the warrant provides an accurate physical description of the premises. Moreover, where the same officer both applied for and executed the warrant, a mistaken search is unlikely. *McCain*, 677 F.2d at 661. Therefore, we find the warrant description sufficient and the warrant valid.

▇ We hold as well that the gun was lawfully seized during the search. It is quite true that the basic search was for drugs and drug related paraphernalia. However, it is established that the police possess under the "plain view" doctrine the authority to seize any apparent contraband or evidence of a crime they might inadvertently find while executing a valid warrant. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct.

---

**2.** The name of the street may be Adkinson, rather than "Atkinson." (See Defendants' Ex-

hibits 1 and 4). Obviously, the error, if there was one, is of little concern.

1535, 75 L.Ed.2d 502 (1983); *United States v. Fitzgerald,* 724 F.2d 633, 637 (8th Cir. 1983) (en banc), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984); *United States v. Wilson,* 524 F.2d 595, 598 (8th Cir.1975), *cert. denied,* 424 U.S. 945, 96 S.Ct. 1415, 47 L.Ed.2d 351 (1976). This court has upheld under the plain view doctrine seizures of guns found during a valid search for illegal drugs. *See United States v. Fleming,* 566 F.2d 623, 625 (8th Cir.1977) (gun found under defendant's bed while executing a warrant to search for marijuana). During the search in this case, the gun was found under a cushion where Lyons was seated. A valid search for illegal drugs could certainly be expected to include places, such as those behind or under seat cushions, where even small amounts of drugs might be hidden.

We have come to recognize that firearms are tools of the trade for drug dealers and are kept by dealers in narcotics almost to the same extent as such dealers keep scales, bags, and cutting equipment. *United States v. McDaniel,* 773 F.2d 242, 247 n. 4 (8th Cir.1985). Finally, in this connection, we observe that because the gun's serial number had been scratched off the police officers had reasonable grounds to suspect illegal activity, and that possession of the gun by Lyons, a convicted felon, was strong evidence of commission of a crime.

Appellant makes some other arguments, none of which merits discussion.

The judgment of the district court is affirmed.