STATE of Utah, Plaintiff and Respondent,

v.

Darrell J. McINTIRE, Defendant and Appellant.

No. 870449–CA.

Court of Appeals of Utah.

Jan. 20, 1989.

Robert L. Froerer (argued), Public Defender Ass'n, Ogden, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., William F. Daines (argued), Deputy County Atty., Ogden, for plaintiff and respondent.

Before GARFF, BILLINGS and GREENWOOD, JJ.

OPINION

GREENWOOD, Judge:

Darrell J. McIntire was convicted of theft, a class A misdemeanor in violation of Utah Code Ann. § 76–6–404 (1978), and possession of a controlled substance with intent to distribute for value, a second degree felony in violation of Utah Code Ann. § 58–37–8 (1987). On appeal, McIntire claims that the search, which produced evidence of those crimes, violated his fourth amendment rights.[1] Specifically, McIntire claims that the search was invalid because the search warrant failed to describe the area actually searched and did not authorize police to seize property not specifically described in the warrant. We affirm.[2]

On April 12, 1987, Officer Garcia contacted Roy Middlesteadt and attempted to purchase controlled substances from him. Middlesteadt took Officer Garcia to 2210 Jefferson in Ogden, Utah. At that time, two dwellings were on the lot and bore the same address. One dwelling, at the front of the lot, was a four-plex. The other

dwelling, at the rear of the lot, was a small house. Middlesteadt told Garcia that the small house at the rear of the lot was McIntire's and that Garcia could purchase controlled substances from McIntire. On about April 19, Middlesteadt moved a blue single trailer onto the property at 2210 Jefferson and occupied the trailer.

On April 21, 1987, Garcia went to McIntire's house at the rear of the lot to purchase LSD and amphetamines. Garcia observed an RCA television inside the house, similar to one a confidential police informant had told Officer Fronk of the Ogden City Police had been stolen from the Flying "J" Motel in Weber County, Utah. Garcia also saw controlled substances and drug paraphernalia. Garcia relayed this information to Detective Garrett, who drafted and signed the search warrant and affidavit. Officer Fronk personally went to McIntire's house to verify Garcia's observation of the address. He confirmed to Detective Garrett that the address was 2210 Jefferson. Neither Garcia nor Fronk had any reason to check the address on the four-plex because it was not relevant to the investigation.

The search warrant described the premises to be searched as "2210 JEFFERSON, blue single wide trailer parked at south of house." The affidavit accompanying the warrant described the premises to be searched as "2210 JEFFERSON + BLUE SINGLE TRAILER, parked at south side of house." The warrant described the evidence to be seized as "RCA Color Television SR # 920461570, Ladies Gold Diamond Solitaire ring, amphetamines, marijuana, blue and grey metal box about 10" × 6" × 4" w/'Party Animal' printed on the

1. McIntire has not urged a different result under the Utah Constitution. Therefore, we confine our analysis to the United States Constitution. *State v. Ashe*, 745 P.2d 1255, 1257 n. 2 (Utah 1987).

2. This Court previously affirmed McIntire's conviction, in *State v. McIntire*, 93 Utah Adv.Rep. 19 (Ct.App. Oct. 17, 1988), on the basis that McIntire had entered an unconditional guilty plea and thus did not preserve his right to appeal the alleged violation of his fourth amendment rights according to *State v. Sery*, 758 P.2d 935, 938 (Utah Ct.App.1988). During oral argument,

this Court asked McIntire's counsel whether the plea was conditional, and counsel indicated that the plea was unconditional. After the opinion was issued, McIntire's counsel filed a petition for rehearing, conceding that the statement at argument was erroneous and demonstrating that the plea actually was conditional. Thus, under *Sery*, McIntire is not precluded from raising fourth amendment issues on appeal. Consequently, we have withdrawn our previous opinion prior to publication in the Pacific Digest, and now issue this opinion addressing the merits of McIntire's fourth amendment claims.

front and drug paraphernalia." The judge who signed the search warrant testified at the suppression hearing that he thought only a single family dwelling and the trailer occupied the property.

On April 22, 1987, a group of officers, including Detective Garrett and Officer Fronk, executed the warrant and searched McIntire's house and the trailer. During the search of the house, officers seized controlled substances, including the amphetamines which formed the basis of the possession with intent to distribute conviction, an RCA television with the serial number scratched off, which was the basis of the theft conviction, and a VCR. Subsequently, police learned that the RCA television was actually stolen from a Travelodge in Ogden, not the Flying "J" Motel. The blue trailer was also searched, but McIntire did not challenge admission of evidence seized from the trailer. The four-plex at 2210 Jefferson was not searched.

McIntire filed a motion to suppress the evidence seized from his house, but the court suppressed only the VCR. On appeal, McIntire asserts that the warrant did not describe the area to be searched with sufficient particularity. In addition, he claims the warrant did not authorize seizure of the RCA television.

■ We first address McIntire's contention that the search warrant was invalid because it failed to specify whether the small house or the four-plex was the subject of the search. A search warrant is required to describe "with particularity the thing, place or person to be searched and the property or evidence to be seized." Utah Code Ann. § 77–23–1 (1982). Whether the description in a search warrant is adequate depends upon the particular circumstances. *State v. Anderson*, 701 P.2d 1099, 1102 (Utah 1985). The description is sufficient if the officer executing the search warrant can with reasonable effort ascertain and identify the place to be searched. *Id.* Reasonable effort to determine the place to be searched may include a review of the supporting affidavit. *Id.*

The Utah Supreme Court addressed the sufficiency of search warrant descriptions in two recent cases. In *Anderson*, the Court held that a warrant, which identified the property to be searched by location and by description of the home and a pond, was sufficient to permit a search of a fenced enclosure on the property. *Id.* at 1102–03. The Court found that because the affidavit accompanying the warrant adequately identified the fenced enclosure, and because the fenced enclosure was the area for which probable cause had been made out, the search was valid. Similarly, in *State v. Kelly*, 718 P.2d 385, 392 (Utah 1986), the Court held that an incorrect street address on a search warrant did not invalidate the warrant where the attached affidavit as well as other related warrants and corresponding affidavits contained the correct address.

■ In the present case, the search warrant described the area to be searched as "2210 JEFFERSON, blue single wide trailer parked at south of house." The affidavit stated that the premises to be searched were "2210 JEFFERSON + BLUE SINGLE TRAILER parked at south side of house." In addition, the warrant stated that proof by affidavit had been made, and had satisfied the judge that there was probable cause to support issuance of the warrant and a search of the premises. Although the warrant did not clearly indicate that both the trailer and the house would be searched, the affidavit clarified that ambiguity by specifying that both 2210 Jefferson and the blue trailer were the areas to be searched. Nothing in the record indicates that the officers knew that a four-plex on the same lot bore the same address or that the four-plex was to be searched or relevant to the investigation. Moreover, the judge who signed the search warrant testified at the suppression hearing that he thought only a single family dwelling and the trailer occupied the property. In addition, the record indicates that the officers intended to search only the small house and the trailer on the property and had established probable cause to search those areas. Further, Detective Garrett, the affiant, and Officer Fronk, who personally verified the address, also executed the warrant.

Applying the foregoing facts to the law, we find that the officers executing the warrant were able to identify the area to be searched with reasonable effort. As in *Anderson,* the area searched was the area for which probable cause had been established. Further, the affidavit, as understood by the judge who issued the warrant and the affiant who executed the warrant, indicated that the small house on 2210 Jefferson was the area to be searched. Therefore, because probable cause to search the small house at 2210 Jefferson was established, and because the affidavit clarified that both the small house and the trailer were areas to be searched, we hold that the search warrant was valid and the trial court correctly denied the motion to suppress evidence seized in the search of the house.

 McIntire also contends that the search warrant did not authorize seizure of the RCA television. Warrantless searches and seizures inside a home are unreasonable unless the exigencies of the situation justify an exception. *State v. Cole,* 674 P.2d 119, 123 (Utah 1983); *State v. Northrup,* 756 P.2d 1288, 1290–91 (Utah Ct.App. 1988). One exception arises when police, while conducting a search pursuant to a warrant, discover evidence in plain view that is not listed in the warrant. *State v. Romero,* 660 P.2d 715, 718 (Utah 1983). Under these circumstances, "a warrantless *seizure* is justified if: (1) the officer is lawfully present where the search and seizure occur; (2) the evidence is in plain view; and (3) the evidence is clearly incriminating." *Id.* (emphasis in original). At least one court has held that obliterated serial numbers on a television set may, in some circumstances, "warrant a cautious man to believe that this [the television] was evidence of crime." *State v. Sagner,* 12 Or.App. 459, 506 P.2d 510, 517 (1973).

In the present case, the officers were lawfully on the premises pursuant to a valid warrant. One of the items listed on the warrant was an "RCA Color Television SR # 920461570." Pursuant to the warrant, the officers inspected the RCA television in the house. Thus, the evidence was in the officer's plain view in the course of conducting the search. Once the officers saw that the serial number had been scratched off, it was reasonable for them to believe that the television was evidence of a crime. Therefore, under the circumstances of this case, we hold that the seizure of the television was justified under the plain view doctrine.

AFFIRMED.

GARFF and BILLINGS, JJ., concur.