STATE of Wisconsin, Plaintiff-Respondent,

v.

Gay D. NICHOLSON, Defendant-Appellant.

Court of Appeals

*No. 92-1805-CR. Submitted on briefs January 15, 1993.—Decided February 24, 1993.*

(Also reported in 497 N.W.2d 791.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Hans P. Koesser* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Posner-Weber*, assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

NETTESHEIM, P.J.   Following the denial of her motion to suppress evidence seized pursuant to an anticipatory search warrant, Gay D. Nicholson pled no contest to possession of a controlled substance with intent to deliver pursuant to sec. 161.41(1m), Stats. Nicholson appeals from the judgment of conviction. Because the warrant recited an incorrect address for the

premises to be searched, Nicholson claims that the search warrant failed to particularly describe the premises. We agree with the trial court's ruling that the premises which the officers intended to search were described with the requisite particularity in the warrant. We thus conclude that both the warrant and its execution were valid. We affirm Nicholson's judgment of conviction.

The facts are not in dispute. Racine police officer David Boldus supplied the following information in an affidavit seeking an anticipatory[1] search warrant. A confidential informant had advised Officer Boldus that the informant could "[p]urchase marijuana from a Hispanic Male, name unknown, residing in an apartment located in the 1500 blk. of State Street in the City of Racine." Officer R. Knapp accompanied the informant to the 1500 block of State Street and pointed out the location of the building and the particular apartment.

Based on this identification, Officer Boldus described the premises in his affidavit as "[t]he upper east apartment of 1512 State Street, further that the building is a two story, multi family apartment building, with a [sic] entry gained via the eastmost door accessed via the upper rear porch, further the building is red in color." Based on this information, the anticipatory search warrant authorized the search of "1512 State

---

[1] Officer Boldus' affidavit recited that the application for the search warrant was conditioned upon a successful prearranged purchase of controlled substances by a confidential informant on September 25, 1991 at the 1512 State Street address. The search warrant authorized the search on the condition that this controlled transaction occurred. Thus, the warrant was "anticipatory." Since the parties do not advise otherwise, we assume this condition was satisfied.

Street, uppereast apartment (#1), further described as a two story, multi family dwelling, with red colored siding, with access gained the eastmost rear door, accessed via the upper rear porch."

Pursuant to the physical description contained in the warrant, officers of the Racine police department executed the warrant against the "uppereast apartment" of the building and obtained access via "the eastmost rear door, accessed via the upper rear porch." Nicholson was present when the officers entered the apartment. When the officers read the warrant to Nicholson, she advised that the address of the apartment was 1510 State Street, not 1512 State Street as recited in the warrant. The officers discovered mail in the premises which confirmed this information. Nonetheless, the officers continued their search and discovered marijuana.

The state charged Nicholson with possession of a controlled substance with intent to deliver. Nicholson brought a motion to suppress the fruits of the search. The trial court denied the motion, concluding that the search warrant sufficiently described the premises which the officers intended to search and actually did search. The court further ruled that the misidentification of the premises by the wrong address was not a defect which affected Nicholson's substantial rights. Nicholson appeals.

■■■■

The constitutional reasonableness of a search and seizure is a question of law. *State v. Williams*, 168 Wis. 2d 970, 980, 485 N.W.2d 42, 46 (1992). We review such a question independently and without deference to the ruling of the circuit court. *Id.* at 981, 485 N.W.2d at 46.

The fourth amendment requires that search warrants particularly describe the place to be searched and the person or things to be seized. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The purpose of this requirement is to prevent a general search and to ensure that "the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Id.*[2]

In this case, the circuit court concluded that the address identification of the apartment as "1512 State Street" was a mistake. We agree. The confidential informant reported to Officer Boldus that the suspect apartment was located in the 1500 block of State Street. Officer Knapp accompanied the informant to this area where the informant specifically identified Nicholson's apartment as the location he was referring to in his report to Officer Boldus. Officer Knapp accurately described the informant's identification of this apartment as "[t]he upper east apartment . . . with . . . entry gained via the eastmost door accessed via the upper rear porch." However, Officer Knapp incorrectly identified this location as 1512 State Street. He should have identified the location as 1510 State Street. Thus, the resulting affidavit and search warrant correctly described the property by physical location and access but incorrectly described the property by address. The

---

[2] The Wisconsin Supreme Court has stated that the particularity requirement serves three objectives: (1) it prevents general searches, (2) it prevents the issuance of warrants on less than probable cause, and (3) it prevents the seizure of objects when the warrant describes different objects. *State v. Petrone*, 161 Wis. 2d 530, 540, 468 N.W.2d 676, 679, *cert. denied*, 112 S.Ct. 339 (1991).

appellate issue is the effect, if any, of the incorrect information on the warrant and the search.

We find the United States Supreme Court's decision in *Garrison* informative. There, the police obtained a warrant to search the person of Lawrence McWebb and "the premises known as 2036 Park Avenue third floor apartment." *Garrison*, 480 U.S. at 80. When the police obtained the warrant, they believed that there was only one apartment on the third floor of the premises. While executing the warrant, they realized that there were, in fact, two apartments and that they were searching the wrong apartment.

The Supreme Court saw the issue as raising two constitutional questions: (1) the validity of the warrant, and (2) the validity of the execution of the warrant. *Id.* at 84. The Court first concluded that the warrant, when issued, was valid. *Id.* at 86. The Court noted that only in hindsight did the warrant prove overly broad. *Id.* at 85. The Court said:

> [W]e must judge the constitutionality of their [the police] conduct in light of the information available to them at the time they acted. Those items of evidence that emerge after the warrant is issued have no bearing on whether or not a warrant was validly issued. Just as the discovery of contraband cannot validate a warrant invalid when issued, so is it equally clear that the discovery of facts demonstrating that a valid warrant was unnecessarily broad does not retroactively invalidate the warrant.

*Id.* (footnote omitted).

On the question of the validity of the search warrant, this case is similar to *Garrison*. Here, the police also believed that the warrant accurately described the

547

premises to be searched. Only while executing the warrant did the police learn that the warrant recited the wrong address. Pursuant to *Garrison,* the warrant was valid when issued and the police were entitled to commence their search thereunder.

There remains, however, the question of whether the police were required to discontinue the search when they learned of the error. Here, the facts in this case differ from *Garrison.* There, the Supreme Court held that the officers properly discontinued their search when they learned of the error. *Id.* at 87. "[Discovery of the error] put [the officers] on notice of the risk that they might be in a unit erroneously included within the terms of the warrant." *Id.*

In this case, the officers continued the search after learning that the warrant was incorrect. However, here the officers' discovery of the error did not put them on notice that they were in the wrong apartment. *In fact, they were in the right apartment because: (1) it was the apartment pointed out to Officer Knapp by the informant, (2) it was the apartment for which the officers sought the warrant, and (3) it was the apartment to which the warrant was intended to apply.*The fourth amendment guards against wide-ranging exploratory general searches and ensures that searches are carefully tailored to its justifications. *Id.* at 84. Here, the search focused on Nicholson's apartment, the very premises which the officers sought judicial permission to search. Thus, the search was tailored to the justification offered in the warrant.

Section 968.22, Stats., provides that "[n]o evidence seized under a search warrant shall be suppressed because of technical irregularities not affecting the

substantial rights of the defendant." The warrant's recital of the 1512 State Street address was a technical irregularity under the facts of this case. We agree with the trial court that this irregularity did not affect any substantial right of Nicholson.[3]

*By the Court.*—Judgment affirmed.

---

[3] We stress that the mistake as to the address emanated from Officer Knapp—not the confidential informant. This opinion does not address whether suppression is required when the police authorities rely on an informant's incorrect information when procuring a search warrant.