The STATE of Ohio, Appellee,

v.

PRUITT, Appellant.

[Cite as *State v. Pruitt* (1994), 97 Ohio App.3d 258.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4770.

Decided Sept. 26, 1994.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, for appellee.

*Michael A. Scala,* Trumbull County Public Defender, for appellant.

DONOFRIO, Judge.

On March 4, 1992, Lieutenant Thomas Stewart, Commander of the Warren Police Department's Drug Enforcement Unit, prepared a search warrant and accompanying affidavit pursuant to Crim.R. 41(C) in order to search the residence of appellant, Alvin Pruitt. The affidavit described appellant's residence as follows:

"2101 Westlawn S.W. a multi-unit apartment, single level yellow in color. The unit is the second apartment from a large parking lot located on the east side of Delaware S.W. The unit is marked 2101 on the front of the building. Also the unit is North of the large parking lot. A large dog sits outside the unit along with a dog house. All other units in the building are vacant."

Judge Lynn B. Griffith of the Warren Municipal Court signed the search warrant, and Lieutenant Stewart and other officers served the warrant that evening. At that time, police confiscated a variety of drugs and weapons from appellant's residence.

On May 6, 1992, the Trumbull County Grand Jury indicted appellant, charging him with four counts of aggravated trafficking with specification and one count of unlawful possession of dangerous ordnance.

Appellant filed a motion to suppress evidence on June 2, 1992, alleging in part that the address on the search warrant was defective. A hearing on appellant's suppression motion was held July 30, 1992. On August 17, 1992, the trial court filed a judgment denying appellant's motion to suppress.

On August 17, 1992, appellant entered a plea of no contest to the charges, whereupon the trial court entered a finding of guilty. Appellant was sentenced to the following concurrent terms of incarceration: two to fifteen years on Counts 1, 2, and 3; two to fifteen years, plus three years' actual incarceration on Count 4; and six months on Count 5. This appeal followed.

Before this court, appellant argues that the trial court erred in denying his motion to suppress because the search warrant failed to particularly describe the place to be searched. Specifically, appellant contends that whereas the warrant listed appellant's address as 2101 Westlawn, Warren, Ohio, in fact, appellant's

address is known as 2101 Victoria, Warren, Ohio. Appellant believes that this deficiency requires the suppression of all evidence resulting from the search of his residence.

Crim.R. 41(C) governs the issuance of a search warrant:

" * * * A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or *particularly describe the place to be searched* * * *." (Emphasis added.)

R.C. 2933.23 governs the content of the affidavit for a search warrant and provides, in pertinent part:

"A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that *particularly describes the place to be searched* * * *." (Emphasis added.)

R.C. 2933.24 governs the content of a search warrant and, in pertinent part, provides:

"(A) A search warrant shall * * * show or recite all the material facts alleged in the affidavit, and *particularly name or describe the property to be searched* for and seized, *the place to be searched,* and the person to be searched. * * *" (Emphasis added.)

Lieutenant Stewart testified for the state at the suppression hearing. He testified that he requested the search warrant as a result of several drug purchases from appellant at his residence made by confidential informants. Lieutenant Stewart testified that 2101 Westlawn was the address where the confidential informants purchased the drugs, and that this residence is a lower level apartment in the Westlawn Home apartment complex.

The state introduced into evidence a city of Warren map and two city of Warren directories. Lieutenant Stewart testified that the Warren Police Department utilizes these for the location of streets. He testified that the map indicates that Westlawn and Victoria run into one another, with Victoria beginning to the east of Nevada Street. He testified that according to the map, west of Nevada through Delaware Avenue the street is called Westlawn, and that he used this map to determine what street appellant lived on. His testimony revealed that no street signs are posted between Delaware Avenue and Nevada Street to indicate whether that section of the street is known as Westlawn or Victoria.

On cross-examination of Lieutenant Stewart, it was revealed that the city of Warren telephone directory does not list Westlawn in the Zip Code section. Lieutenant Stewart acknowledged that after 1981, there was no longer a dedicat-

ed street in Warren called Westlawn. At this point, the state stipulated that the premises searched were at 2101 Victoria Street.

In response to a question from the bench, Lieutenant Stewart indicated that although an ordinance was passed in 1981 in relation to the dedication of this street, all of the city of Warren records indicate that the segment of road in question remained known as Westlawn. He testified that he was able to properly execute the warrant based on the property description provided in the warrant.

Appellant testified on his own behalf, stating that there was no doghouse at or near his residence at 2101 Victoria. On cross-examination, appellant acknowledged that he owned a dog, which was present the night of the search.

The trial court concluded that the warrant sufficiently described appellant's residence, despite the confusion over the street name. The court noted that the street number was correct, as was the remaining physical description of appellant's residence.

In *Lyons v. Robinson* (C.A.8, 1985), 783 F.2d 737, a search warrant mistakenly listed the residence to be searched as 325 Atkinson Street rather than 325 Short Street. The evidence indicated that these streets intersected, and the house to be searched was located on the corner of the two streets. The court concluded that the description was sufficient despite listing the wrong address. The court concluded that under the circumstances, the error in the warrant was not misleading or confusing, that the premises were otherwise accurately described, and the same officer both applied for and executed the warrant, thus rendering a mistaken search unlikely.

Search warrants with errors in a portion of the description of the premises to be searched have been upheld in other cases also. See *United States v. Turner* (C.A.9, 1985), 770 F.2d 1508; *United States v. Joseph* (E.D.Pa.1959), 174 F.Supp. 539, affirmed (C.A.3, 1960), 278 F.2d 504.

■ The standard to be applied in determining the sufficiency of a warrant's identification of the place to be searched was stated in *Steele v. United States* (1925), 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757, 760: "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." The test is one of reasonableness.

" '[T]he determining factor as to whether a search warrant describes the premises to be searched with sufficient particularity is not whether the description given is technically accurate in every detail but rather whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched which is not the one intended to

be searched under the search warrant.'" *United States v. Darensbourg* (C.A.5, 1975), 520 F.2d 985, 987, quoting *United States v. Sklaroff* (S.D.Fla.1971) 323 F.Supp. 296, 321. See, also, *United States v. Gitcho* (C.A.8, 1979), 601 F.2d 369; *United States v. Gahagan* (C.A.6, 1989), 865 F.2d 1490.

■ Applying this standard in the present case, we agree with the trial court that the warrant sufficiently described appellant's residence, despite the mistaken street name. The street number was correct, as was the description of appellant's residence in relation to Delaware Street. Appellant's residence was identified as a multi-unit apartment, single level, yellow in color, and the second unit north of a large parking lot.

Although the warrant indicates the presence of a doghouse in front of appellant's residence, whereas appellant testified that no such doghouse exists on his premises, appellant acknowledged that his dog was outside in front of his apartment on the night that the search warrant was executed. Further, it remains uncontroverted that all other units in the apartment building were vacant on the night of the search, as indicated in the warrant.

Furthermore, the testimony introduced at the suppression hearing suggests that "Westlawn" no longer exists as a dedicated street in the city of Warren. Therefore, there was little possibility that another premises might have been searched which was not the one intended to be searched under the search warrant. See *Darensbourg*, 520 F.2d at 988; *Gitcho*, 601 F.2d at 372.

Finally, Lieutenant Stewart both applied for and executed the warrant, thus rendering a mistaken search unlikely. See *Lyons*, 783 F.2d at 738.

Based on the foregoing, we conclude that the search warrant in the within case sufficiently described appellant's residence, and thus the trial court did not err in refusing to suppress the evidence found as a result of the execution of the warrant.

Appellant's sole assignment is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and MAHONEY, J., concur.

GENE DONOFRIO, J., of the Seventh Appellate District, and EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.