UNITED STATES of America, Plaintiff,

v.

Trevor M. HENRY, Defendant.

Criminal Action No. 3:95–0183–01.

United States District Court,
S.D. West Virginia,
Huntington Division.

June 10, 1996.

Miller A. Bushong, III, Assistant United States Attorney, Charleston, WV, for plaintiff.

Jane Moran, Williamson, WV, for defendant.

## ORDER

GOODWIN, District Judge.

On May 6, 1996, the Court held a hearing on the defendant's three pretrial motions. For the reasons set forth below, the Court **DENIES** the defendant's Motion to Suppress Search Warrant; **DENIES** the defendant's Motion to Suppress Search of Individual; and **GRANTS IN PART** and **DENIES IN PART** the defendant's Motion to Exclude Mention of Alias Ivory Hardy.

### I. Background

Robert Martin, a police officer with the City of Huntington, West Virginia, testified that on the night of March 18, 1995, a cooper-

ating individual named Johnny Addison made two controlled buys of cocaine base from an upstairs apartment located on Tenth Avenue in Huntington. Although Officer Martin and two other officers observed the confidential informant on the porch of the residence where the controlled buys took place, Officer Martin testified that he was unable to observe a precise street address because of the darkness. According to Officer Martin, following the two controlled buys, he went to his word processor and typed a document titled "Affidavit for Search Warrant." The "Affidavit for Search Warrant" set forth the grounds supporting probable cause and ended with the typed name "Robert M. Martin." Meanwhile, Sergeant Steven Hall filled out a document titled "Search Warrant," including what the officers believed to be the correct address: 1701 Tenth Avenue. The document titled "Search Warrant" referred to the document titled "Affidavit for Search Warrant" as follows: "see attached affidavit."

Officer Martin and Sergeant Hall then took these two documents to Betty Wolford, a state court magistrate in Cabell County, West Virginia. After being sworn by Magistrate Wolford, Officer Martin signed the document titled "Search Warrant" in her presence, but not the document titled "Affidavit for Search Warrant." Magistrate Wolford then issued the search warrant.

After issuance of the search warrant, the officers entered the apartment located at 1703 Tenth Avenue. As they entered the apartment, the officers observed crack cocaine in the living room and three individuals, including Mr. Henry, fleeing. The officers chased the individuals and observed one throw money out of a window. Each individual, including Mr. Henry, was apprehended, arrested, and searched. The search revealed $384.00 in Mr. Henry's possession. According to the Government, Mr. Henry identified himself as "Ivory Hardy" at the time of his arrest and was booked under that name.

## II. Motion to Suppress Search Warrant

At the hearing, the defendant moved to suppress all evidence seized as a result of the search warrant issued by Magistrate Wolford on the following grounds: (1) the document titled "Affidavit for Search Warrant" was not signed by Officer Martin and gives no indication that Officer Martin was sworn; and (2) the document titled "Affidavit for Search Warrant" stated the wrong address: 1701 Tenth Avenue instead of 1703 Tenth Avenue.

■ Because the search warrant in this case was not issued at the request of a federal law enforcement officer or an attorney for the Government, Fed.R.Crim.P. 41 governing issuance of search warrants does not apply. Fed.R.Crim.P. 41(a). Likewise, W.Va.R.Crim.P. 41 does not govern the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution. *United States v. Clyburn,* 24 F.3d 613, 616 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 274, 130 L.Ed.2d 192 (1994). Rather, the only law governing the admissibility of this evidence is the Fourth Amendment to the United States Constitution. *Id.* This distinction is important because the gravamen of the defendant's argument is that the document titled "Affidavit for Search Warrant" is defective under Fed.R.Crim.P. 41(c).

Although the requirements of Fed. R.Crim.P. 41(c) and W.Va.R.Crim.P. 41(c) do not apply in this case, the Court considers it important to discuss those requirements because of the Government's rather surprising admission at the hearing that the procedure for obtaining a search warrant used in this case is standard operating procedure. Fed. R.Crim.P. 41(c) and W.Va.R.Crim.P. 41(c) both provide that a search warrant "shall issue *only* on an affidavit or affidavits sworn to" before a magistrate or judge unless oral testimony is taken. *Id.* (emphasis added). In this case, the document titled "Affidavit for Search Warrant" contains no signature, and there is no evidence on its face that it was "sworn to." As such, it is not an affidavit as that term traditionally is defined. *See Black's Law Dictionary* (6th ed. 1996) (defining "affidavit" as "a written or printed declaration or statement of facts, . . . confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation"). In light of the plain language of Fed.R.Crim.P. 41(c) and W.Va.R.Crim.P. 41(c), the Court believes that it would be a better practice for officers seeking search warrants to sign,

while under oath and in the presence of a magistrate, judge, or other person having authority to administer an oath or affirmation, any documents asserted to be affidavits.

■■■ Despite these concerns, the Court does find that the search warrant and accompanying document satisfy the requirements of the Fourth Amendment. The Fourth Amendment's Warrant Clause provides: "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Courts generally interpret the Warrant Clause to require that warrants (1) be issued by a neutral and detached magistrate; (2) contain a particular description of the place to be searched and the persons or things to be seized; and (3) be based upon probable cause supported by oath or affirmation. *Clyburn*, 24 F.3d at 617. The Warrant Clause does not require a signed and sworn affidavit, but only that probable cause be supported by oath or affirmation. *Id.* The sworn declaration of Officer Martin signed in the presence of Magistrate Wolford on the document titled "Search Warrant," combined with the reference to the document titled "Affidavit for Search Warrant," contained in the "Search Warrant," are sufficient to satisfy the requirement that probable cause be supported by oath or affirmation. Accordingly, the Court denies Mr. Henry's motion to suppress because of a defective affidavit.

■■■ Mr. Henry also argues that the fruits of the search warrant should be suppressed because the search warrant contains an incorrect address for the house to be searched. The search warrant describes the place to be searched as "1701 10th Ave. (2nd Floor, 17th St. side entrance.) A brown two story residence." The correct address was 1703 Tenth Avenue, not 1701 Tenth Avenue; the remaining information was correct. In *Steele v. United States*, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925), the Supreme Court held that a warrant sufficiently particularizes the place to be searched if the officers "can with reasonable effort ascertain and identify the place intended." *Id.* at 503, 45 S.Ct. at 416. The rationale for this requirement, of course,

is to assure that officers do not mistakenly search the wrong premises.

In this case, the remainder of the description in the search warrant made it very unlikely, in spite of the address error, that officers would mistakenly search the wrong residence. *See, e.g., United States v. Garza*, 980 F.2d 546, 552 (9th Cir.1992) (per curiam); *Lyons v. Robinson*, 783 F.2d 737, 738 (8th Cir.1985). Moreover, the fact that the police officer seeking and executing the search warrant knew the correct location of the premises to be searched made a mistake still more unlikely. *See, e.g., Lyons*, 783 F.2d at 738. Accordingly, the Court denies Mr. Henry's motion to suppress because of an address error.

### III. Motion to Suppress Search of Individual

■■■ Mr. Henry also moves to suppress the search of his person. He argues that the search was a warrantless pat-down search in violation of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). According to the Government, the search of Mr. Henry occurred incident to a lawful arrest and thus was not in violation of *Terry* or any other Fourth Amendment law.

The Court finds that the search of Mr. Henry took place incident to a lawful arrest. At the time of the search of Mr. Henry's person, crack cocaine was in plain view in the living room and three individuals, including Mr. Henry, had attempted to flee the residence. The "facts and circumstances within the officer's knowledge [warranted] the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir.1984), *cert. denied*, 469 U.S. 1217, 105 S.Ct. 1197, 84 L.Ed.2d 342 (1985). The arresting officer appropriately searched Mr. Henry's person incident to the lawful arrest. Accordingly, the Court denies Mr. Henry's motion to suppress the search of his person.

### IV. Motion to Exclude Mention of Alias "Ivory Hardy"

■■■ Finally, Mr. Henry moves the Court to exclude any mention of the name he gave police officers at the time of his arrest on grounds that it would be irrelevant and prej-

udicial. The Court grants in part the motion. In reading the style of the case, the Court will not refer to the defendant as "Trevor Henry, also known as Ivory Hardy." Likewise, the Court directs the Government not to refer to the defendant in this way during its opening statement. The Court also denies in part the motion. To the extent that evidence is presented at trial that the defendant identified himself as "Ivory Hardy" at the time of his arrest or at other times, the Court considers such evidence to be relevant and not unduly prejudicial.

## V. Conclusion

In summary, the Court **DENIES** the defendant's Motion to Suppress Search Warrant; **DENIES** the defendant's Motion to Suppress Search of Individual; and **GRANTS IN PART** and **DENIES IN PART** the defendant's Motion to Exclude Mention of Alias Ivory Hardy.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.